(V. D. 43)

JAMES G. WILEY A/C, GLENN A. SMITH & ASSOCIATES *v.* UNITED STATES

Entry Nos. 7111, 7763.

(Decided December 11, 1956)

*Philip Stein* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This matter comes before me at this time pursuant to a remand from classification proceedings (*E. S. Zerwekh*

*Co. a/c D. P. Bushnell & Co. et al.* v. *United States,* 34 Cust. Ct. 249, Abstract 58647), wherein judgment was entered, ordering that the matter be "remanded to a single judge in reappraisement pursuant to the provisions of Title 28 U. S. C. § 2636 (d)."

Counsel for the respective parties have submitted the matter for decision on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto. as to merchandise covered by the Remand of Protest enumerated in the annexed Schedule, which is incorporated herein:

1. That the merchandise consists of binoculars and leather carrying cases which in *E. S. Zerwekh Co. a/c D. P. Bushnell & Co., Inc., et al.* v. *United States,* Abstract 58647, following the decision of this Court in the case of *John P. Herber & Co., Inc.* v. *United States,* C. D. 1519, this Court held to be subject to appraisement separately, according to the value of each class of article.

2. That at the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade for exportation to the United States, is the unit price as shown in the attached Schedule "A", in U. S. currency, net packed.

3. That the above Remand of Protest is abandoned as to all entries and merchandise not listed in the attached Schedule "A", and said Remand of Protest may be deemed submitted for decision upon this stipulation.

On the agreed facts, I hold that the proper basis for appraisement of the binoculars and leather cases in question is foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended, and that such statutory values for each of these articles are those set forth in schedule "A," attached hereto and made a part hereof.

Judgment will be rendered accordingly.